# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

PRESTON HOLLOW CAPITAL LLC,

                Petitioner,

vs.

FMSBONDS, INC.,

                Respondent.[1]

Case No.: 9:22-mc-80620

Underlying Action: *Preston Hollow Capital LLC v. Nuveen LLC*, No. 20-cv-5597-PKC (S.D.N.Y. 2020)

## FMSBONDS, INC.'S: (1) CONSENT MOTION TO TRANSFER; AND, (2) CONSENT MOTION FOR EXTENSION OF TIME, WITH INCORPORATED MEMORANDA OF LAW

Respondent and non-party to the underlying New York action out of which this miscellaneous proceeding arises FMSbonds, Inc. ("FMS") files its:

(1)     Consent motion under Fed. R. Civ. P. 45(f) to transfer this proceeding to the United States District Court for the Southern District of New York ("SDNY"); and,

(2)     Consent motion under Fed. R. Civ. P. 6(b)(1)(A) for a five-business day extension of time after the Court enters an Order on FMS's motion to transfer for FMS to file and serve its opposition to petitioner Preston Hollow Capital LLC's ("Preston Hollow") motion to compel (Mot. to Compel, Doc. 1);

and states:

---

[1] This is a miscellaneous proceeding arising out of a subpoena issued by the Southern District of New York to non-party FMSbonds, Inc. in *Preston Hollow Capital LLC v. Nuveen LLC*; No. 20-cv-5597-PKC (S.D.N.Y. 2020). Petitioner Preston Hollow Capital LLC styles itself as "Plaintiff" and FMSbonds, Inc. as "Defendant" here. (Mot. to Compel 1, Doc. 1.) FMSbonds, Inc. is not, however, a defendant in the New York action and is not a defendant here. Accordingly, FMSbonds, Inc. styles Preston Hollow Capital LLC as "Petitioner" and FMSbonds, Inc. as "Respondent" in the caption above.

1

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

## INTRODUCTION AND PROCEDURAL BACKGROUND

Because FMS, a non-party to the related underlying action, affirmatively requests transfer of this proceeding to the SDNY, petitioner Preston Hollow consents to such transfer, and because exceptional circumstances separately warrant such transfer, this Court should transfer this proceeding to the SDNY under Rule 45(f). *See* Fed. R. Civ. P. 45(f) (court may transfer subpoena-related motion to issuing court where person "subject to the subpoena consents or if the court finds exceptional circumstances.")

Preston Hollow's dispute with Nuveen Asset Management LLC ("Nuveen") and John Miller, both non-parties here, to date spans three separate actions in Delaware and New York: (1) *Preston Hollow Capital LLC v. Nuveen LLC*, No. 2019-0169-SG (Del. Ch. 2019) ("*Nuveen I*"); (2) *Preston Hollow Capital LLC v. Nuveen LLC*, No. N19C-10-107 MMJ CCLD (Del. Super. Ct. 2019) ("*Nuveen II*"); and, (3) *Preston Hollow Capital LLC v. Nuveen LLC*, No. 20-cv-5597-PKC (S.D.N.Y. 2020) ("*Nuveen III*"). FMS was not and is not a party to any of these actions.

In *Nuveen III*, Preston Hollow caused the SDNY to issue a number of Rule 45 subpoenas to third parties, including to FMS. (*See* Ex. 1 8-9; *see* Ex. 2 3:21-25; Mot. to Compel at Ex. 4, Doc. 1-4 (the "SDNY Subpoena" to FMS).) FMS timely objected to its SDNY Subpoena and Preston Hollow and FMS engaged in substantial good-faith efforts in an attempt to resolve FMS's objections. (Ex. 3.)[2] Preston Hollow and FMS did not reach agreement and Preston Hollow filed its instant motion to compel in this Court. (Mot. to Compel, Doc. 1.)

---

[2] FMS's and Preston Hollow's good-faith discussions span across sixteen letters and e-mails between November 19, 2021 and March 23, 2022, and three telephone conferences. The written communications are not attached to either Preston Hollow's motion to compel or to this Motion. (*See* Mot. to Compel at Exs. 1-8, , Doc. 1-1–1-8.)

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

FMS now files this Motion: (1) to transfer this proceeding to the SDNY for disposition of Preston Hollow's motion to compel and FMS's objections to the SDNY Subpoena by the *Nuveen III* court; and, (2) for an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel.

Preston Hollow has consented to both the transfer of this proceeding to the SDNY and to FMS's requested extension of time. (*See* 12, below.)[3] Because, however, even consented-to transfer is discretionary under Rule 45(f), FMS is still required to set forth argument and law supporting the transfer of this proceeding to the SDNY. *See Certain Interested Underwriters v. Am. Realty Advisors*, No. 5:16-CV-9940-FL, No. 5:17-CV-74-FL, 2018 WL 4704033, at *1 (E.D.N.C. Sept. 29, 2018).

Accordingly, for the reasons stated below, this Court should enter an Order: (1) transferring this subpoena-related proceeding to the *Nuveen III* court in the SDNY; and, (2) granting FMS an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel. (Mot. to Compel, Doc. 1.)

---

[3] On May 9, 2022, Preston Hollow advised that it consents to a transfer of this proceeding to the Southern District of New York. (*See* 12, below.) In requesting Preston Hollow's consent to the transfer, FMS did *not* request that Preston Hollow agree with or join in any specific ground or argument set forth herein supporting transfer (*see*, *i.e.*, Point I(B), below) and does not represent that Preston Hollow agrees with or joins in any other argument contained herein, representing only that Preston Hollow has consented to the ultimate relief that this Court transfer this proceeding to the S.D.N.Y.

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

**POINT I.     THE COURT SHOULD TRANSFER THIS PROCEEDING TO THE SDNY, WHICH ISSUED THE SDNY SUBPOENA, BECAUSE: (A) RESPONDENT FMS AFFIRMATIVELY REQUESTS TRANSFER *AND* PETITIONER PRESTON HOLLOW CONSENTS TO TRANSFER; AND, (B) IN THE ALTERNATIVE, EXCEPTIONAL CIRCUMSTANCES WARRANT TRANSFER**

**(A)     Transfer to the SDNY is warranted because FMS affirmatively requests transfer and Preston Hollow consents to transfer**

This Court should transfer this subpoena-related proceeding to the SDNY - the *Nuveen III* court that issued the SDNY Subpoena - because the subpoenaed party FMS requests transfer *and* Preston Hollow consents to transfer.

Federal Rule of Civil Procedure 45(f) provides:

> **(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court <u>if the person subject to the subpoena consents</u> **or** <u>if the court finds exceptional circumstances</u>. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f) (underling, non-titled bold added).

While transfer is ultimately up to the Court[4], the fact both FMS and Preston Hollow consent by itself justifies transfer to the SDNY here. *See CTIA – The Wireless Ass'n*, Misc. Action No. 20-0026 (RJL), 2020 WL 11571515, at *2 (D.D.C May 29, 2020) ("In this case, transfer is appropriate under both reasons outlined in Federal Rule of Civil Procedure 45(f). First, both petitioner and respondents consent to transferring the motion to quash to the U.S. District Court for the Northern District of California. *See* Agreed Mot. to Transfer at 1. *That fact alone would justify transfer*.") (emphasis added), *citing In re Braden*, 344 F. Supp. 3d 83, 89 (D.D.C. 2018).

---

[4] Consent does not mandate transfer but "constitutes a ground upon which that court 'may' transfer" a subpoena-related proceeding under Rule 45. *Certain Interested Underwriters*, 2018 WL 4704033, at *1, *citing* Fed. R. Civ. P. 45(f).

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

Moreover, even if Preston Hollow did not consent (it does), FMS's transfer request by itself is enough to warrant transfer since "courts have consistently granted such transfer requests where the request is made by the responding party prior to any substantive ruling on the subpoena-related motion." *HMD Glob. Oy v. Acacia Research Corp.*, No. 8:20-mc-00127-JLS (JDEx), 2021 WL 2949471, at *2 (C.D. Cal. Jan. 26, 2021) (noting court did not find a single case where a timely motion to transfer was denied, citing multiple cases in support); *see also SBA Communications Corp. v. Fractus, S.A.*, 19 MISC. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (granting respondent's request for transfer over requestor's objection); *see also Youtoo Techs., LLC v. Twitter, Inc.*, 17-MC-80006-JSC, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) (granting transfer of subpoenaed company, despite Twitter's objection, string citation omitted).

Finally, where the party subject to the subpoena requests transfer, a court is not required to consider if "exceptional circumstances" also exist – consent by itself warrants transfer. *See, e.g., San Juan Cable LLC v. DISH Network LLC*, CV 14MC00261RMMJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) ("Here, DISH has not only consented but has affirmatively requested transfer. Thus, the Court need not consider whether the case presents 'exceptional circumstances.' It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.").

Here FMS, the subpoenaed party, affirmatively requests transfer to the *Nuveen III* court in the SDNY. (*See* 1-2, above.) Petitioner Preston Hollow consents to such transfer. (*See* 12, below.) These facts alone are enough to justify and warrant transfer of this proceeding to the SDNY for disposition by the *Nuveen III* court. Fed. R. Civ. P. 45(f); *CTIA – The Wireless Ass'n*, 2020 WL 11571515, at *2; *HMD Glob. Oy*, 2021 WL 2949471, at *2.

This Court, thus, may and should transfer this proceeding to the SDNY.

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

**(B)  Exceptional Circumstances also warrant transfer to the SDNY**

Even if FMS did not affirmatively request transfer, or Preston Hollow did not consent to transfer, transfer is still appropriate because there are exceptional circumstances justifying the SDNY deciding all subpoena-related motions related in *Nuveen III*.

**(i)  Law of "Exceptional Circumstances" under Rule 45(f)**

> Although Rule 45(f) does not define "exceptional circumstances", the Advisory Committee Notes to the 2013 amendments provide two examples of situations in which transfer due to exceptional circumstances is appropriate: (1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts. *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037-BLOOM/VALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016)…. Courts "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *In re UBS Financial Services, Inc. Securities Litigation*, 113 F. Supp. 3d 286, 288 (D.D.C. 2015) (quoting *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 47 (D.D.C. 2014) (internal quotations omitted)); *see also Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-80525-CV, 2018 WL 2298348, at *2 (S.D. Fla. May 21, 2018). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch*, 307 F.R.D. at 34.

*Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021).

Other factors bearing on transfer of Rule 45 subpoena-related motions because of exceptional circumstances are:

(1)  Whether transfer is consistent with judicial economy, efficiency, speed of resolution, and maintaining uniformity in discovery rulings in the underlying litigation. *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 n.6 (D.D.C. May 30, 2014) (transferring subpoena-related motions where issuing court "is in better position to rule...due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented"); *The Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/Valle, 2016 WL 335753, at *3 (S.D. Fla. Jan. 27, 2016) (evaluating whether transfer "serve[s] judicial economy and efficiency"); *Edwards v. Maxwell*, No. 16-61262-MC-Goodman, 2016 WL 7413505, at *1 (S.D. Fla. Dec. 22, 2016) (evaluating whether transfer "fosters the interests of fairness, consistency, judicial economy, and speed of resolution");

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

(2) Whether the issuing court has ruled on issues related to similar subpoenas. *Edwards*, 2016 WL 7413505, at *1 ("Based on the similarities of the two subpoenas, I find that there are exceptional circumstances present under Rule 45(f)."); and,

(3) Whether "the interests in transfer outweigh the interests of the subpoenaed party in obtaining local resolution of a subpoena-related motion." *Zuckerman*, 2016 WL 335753, at *3.

**(ii) Transfer to the SDNY is warranted because *Nuveen III* is complex, has been pending for almost two years, and the *Nuveen III* court has started presiding over subpoena-related issues similar to those presented in the SDNY Subpoena to FMS**

*Nuveen III* is, among other things, a complex federal and New York state law antitrust action. (*See* Mot. to Compel at Ex. 1 ¶¶236-76, ECF No. 1); *see In re Currency Conversion Fee Antitrust Litigation*, 263 F.R.D. 110, 123 (S.D.N.Y. 2009) ("[A]ntitrust cases, by their nature, are highly complex.") (internal quotes omitted), *citing* Wal–Mart Stores. Inc. v. Visa U.S.A., Inc., 396 F. 3d 96, 122 (2d Cir. 2005); *see also Weseley v. Spear, Leeds & Kellogg,* 711 F. Supp. 713, 719 (E.D.N.Y. 1989) (antitrust class actions "are notoriously complex, protracted, and bitterly fought"). Preston Hollow filed *Nuveen III* on July 20, 2020. (Ex. 4 (the "*Nuveen III* Docket"), *Nuveen III* Doc. 1.) The docket for *Nuveen III* has 78 entries to date. (Ex. 4 Doc. 1-78.)

The activity to date in *Nuveen III* includes: (1) an original complaint comprising 226 paragraphs of factual allegations (Compl., filed July 20, 2020, ¶¶1-226, *Nuveen III* Doc. 1); (2) an amended complaint comprising 238 paragraphs of factual allegations (Am. Compl., filed Oct. 23, 2020, *Nuveen III* Doc. 26); (3) a comprehensive motion to dismiss (Mot. to Dismiss, filed Nov. 20, 2020, *Nuveen III* Doc. 31); (4) an equally comprehensive 37-hard-copy-page Opinion and Order on the factual and legal merits of the motion to dismiss (*Preston Hollow Cap. LLC v. Nuveen LLC*, No. 20-cv-5597 (PKC), 2021 WL 3542255 (S.D.N.Y. Aug. 10, 2021); and, (5) the operative second amended complaint comprising 235 paragraphs of factual allegations, which governs and

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

frames discovery in *Nuveen III*, including the SDNY Subpoena to FMS (Mot. to Compel at Ex. 1 ¶¶236-76, Doc. 1.) *See Freytes-Torres v. City of Sanford, Florida*, No. 6:06-cv-1779-Orl-22GJK, 2008 WL 11336656, at *1 (M.D. Fla. May 27, 2008) ("A court should examine the issues as framed by the pleadings when deciphering whether requested information is reasonably calculated to lead to the discovery of admissible evidence."); *see UnitedHealth Group, Inc. v. Dowdy*, No. 8:06-CV-2111-T-23EAJ, 2007 WL 3202473, at *1 (M.D. Fla. Oct. 29, 2007) ("Thus, whether Plaintiff may obtain the requested discovery responses is dependent upon whether Plaintiff's requests are relevant to the claims and defenses asserted in the pleadings"). Finally, the discovery cutoff in *Nuveen III* is less than six months away. (Ex. 4, *Nuveen III* Doc. 77.)

In addition, in *Nuveen III* Preston Hollow "served a number of subpoenas on third parties which, on their face, ask for a quite a lot of information…." (Ex. 1 8-9; Ex. 2 3:21-23.) As of early January 2022, Preston Hollow believed it had reached impasses with some of these third parties. (Ex. 2 4:5-6.)[5] One of these third parties is Citigroup Global Markets, Inc. ("Citi"). (Exs. 5-6; Ex. 7 1.) The first 26 Requests contained in Citi's subpoena are identical to the first 26 Requests contained in the SDNY Subpoena to FMS. (*Compare* Ex. 5 Request Nos. 1-26 *with* Mot. to Compel. Ex. 4 at Request Nos. 1-26, Doc. 1-4; *also compare* Ex. 5 Request No. 32 *with* Mot. to Compel. Ex. 4 at Request No. 35, Doc. 1-4.) Citi's objections to its *Nuveen III* subpoena are also substantially similar to FMS's objections here. (*Compare* Ex. 6 6-20, 24 *with* Ex. 3 2-15, 21.)

Accordingly, Preston Hollow, as required by the Southern District of New York's local rules (*see* S.D.N.Y. L.R. 37.2), filed a pre-motion to compel letter against Citi. (Ex. 7.)[6] Prior to

---

[5] Preston Hollow also stated in early 2022 that it anticipated "a series of very similar motions addressed to other third parties…." (Ex. 1 9:14-18.)

[6] Preston Hollow's pre-motion letter against Citi includes thirteen exhibits. (Ex. 4, *Nuveen III* Doc. 63.) For brevity's sake, FMS does not include those exhibits here.

8

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

Preston Hollow's letter motion against Citi, the Southern District of New York also conducted a pre-motion discovery conference on subpoena-related matters. (Ex. 1.) Citi filed a letter response to Preston Hollow's letter-motion (Ex. 8)[7] and on February 23, 2022 SDNY Magistrate Cott held a conference on Preston Hollow's motion. (Ex. 2.)

At the February 23, 2022 conference, Magistrate Cott, consistent with *In re Currency Conversion Fee* and *Weseley,* observed the issues in *Nuveen III* framing Preston Hollow's subpoenas concern "a pretty nuanced and sophisticated set of issues…." (Ex. 2 35:3-4.) Magistrate Cott then instructed the parties to meet and confer further about the Citi subpoena and that in the absence of an agreement, advised the court's protocol for addressing the Citi subpoena would require the parties to "come back to me and make, I would say, a very specific proposal." (Ex. 2 36:13-17.)

Regarding other subpoena-related disputes in *Nuveen III*, Magistrate Cott also stated:

> Also, I would say, you know, if there are going to be a number of these, it may be efficient -- and you again should think this through a little bit on your own -- you know, if you have three somewhat similar type disputes, I don't know that we need to have three separate conferences. Maybe we should have a conference where we take up the issues with respect to two or three of the nonparties rather than just in a piecemeal fashion.

(Ex. 2 19:13-20.) This is "the groundwork" Magistrate Cott has so far already considered for "referee[ing]" and disposing of Rule 45 subpoena-related motions in *Nuveen III*. (Ex. 2 39:20-24.)

*Nuveen III* is a complex state and federal antitrust action that has been pending for almost two years. Preston Hollow served a number of third-party subpoenas in *Nuveen III*. It appears these subpoenas – at least the Citi subpoena - are identical or substantially identical to the SDNY

---

[7] Citi's letter response includes eleven exhibits. (Ex. 8, *Nuveen III* Doc. 65.) For brevity's sake, FMS does not include those exhibits here.

9

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

Subpoena to FMS here.[8] As of early 2022, SDNY Magistrate Cott has already conducted at least one pre-motion discovery conference, one motion to compel conference, and considered an initial "groundwork" for resolving future subpoena-related motions in *Nuveen III*. Finally, given the Citi subpoena and objections are identical or substantially identical to FMS's SDNY Subpoena and FMS's objections, and other subpoenas and objections in *Nuveen III* are also likely to be identical or at least substantially similar, transfer of this proceeding to the SDNY is consistent with maintaining a uniformity in decisions concerning *Nuveen III* subpoena-related motions, like Preston Hollow's motion here.

For all of these reasons, exceptional circumstances also warrant transfer of this proceeding to the SDNY for disposition in *Nuveen III*, even if the parties here did not consent to transfer, which they do.

### (iii)    Transfer to the SDNY is warranted because FMS affirmatively requests transfer

Another factor weighing on transfer is whether "the interests in transfer outweigh the interests of the subpoenaed party in obtaining local resolution of a subpoena-related motion." *Zuckerman*, 2016 WL 335753, at *3.

Here, by affirmatively requesting transfer, FMS consents to transfer. By requesting and consenting to transfer, FMS concedes transfer to the SDNY outweighs any interest FMS has in resolution of Preston Hollow's motion and FMS's objections in Florida. Under *Zuckerman*, this is another factor weighing in favor of transfer. *Zuckerman*, 2016 WL 335753, at *3.

For this reason too, the Court should transfer this proceeding.

---

[8] FMS is not a party to *Nuveen III* (*see* Mot. to Compel Ex. 1, Doc. 1-1) and, thus, has not been (and was not required to be) served with copies of any other subpoenas in *Nuveen III*.

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

**POINT II.** **THE COURT SHOULD GRANT FMS AN EXTENSION OF TIME TO SERVE ITS MEMORANDUM OF LAW OPPOSING PRESTON HOLLOW'S MOTION TO COMPEL**

On May 9, 2022, undersigned counsel for FMS wrote Preston Hollow's counsel asking if Preston Hollow consents to an enlargement of time for FMS to file and serve its opposition to Preston Hollow's motion until five-business days after this Court enters an Order on this Motion. On May 11, 2022, Preston Hollow's counsel responded in writing confirming that Preston Hollow consents to the requested enlargement of time. (*See* 12, below.) For this reason alone, the Court should grant FMS an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel. S.D. Fla. L.R. 7.1(c)(1); Fed. R. Civ. P. 6(b)(1)(A).

Moreover, the procedure in the SDNY for disposing of discovery disputes is markedly different from this Court, including a pre-filing requirement that the parties first request an informal conference with the court by letter-motion and, with leave, a letter-response (*see*, i.e., Exs. 7-8), and then participate, with leave of court, in a pre-motion discovery conference. *Compare* S.D.N.Y. L.R. 37.2 *with* S.D. Fla. L.R. 7.1. Granting an extension of time until after this Court rules on the pending motion to transfer is consistent with avoiding a duplication of work by FMS separately preparing, submitting, and arguing its opposition to Preston Hollow's motion to compel in accordance with both this Court's and the SDNY local rules, if this proceeding is transferred. Avoiding such duplicity is consistent with the express directive of Rule 1 that all rules or procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, *and inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1. (emphasis added).

LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 600, CORAL GABLES, FLORIDA 33134 (305) 569-4100

Case No.: 9:22-mc-80620
Underlying Case No.: 20-cv-5597-PKC (S.D.N.Y.)

For these reasons, this Court should also grant FMS an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel.

WHEREFORE, respondent and non-party FMSbonds, Inc. respectfully requests this Court enter an Order: (1) transferring this proceeding to the SDNY for disposition in in *Nuveen III*; (2) granting FMS an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel; and (3) granting FMS such other and further relief as to this Court seems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Justin Prociv, certify that I have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised therein, including in written communications with petitioner Preston Hollow dated May 6, 9, and 11, 2022. The following issues were resolved by FMS's and Preston Hollow's conferences: (1) Preston Hollow has consented to the ultimate relief of transfer of this proceeding to the SDNY; and, (2) Preston Hollow has consented to an extension of time until five-business days after this Court enters an Order on FMS's motion to transfer for FMS to file and serve FMS's memorandum of law opposing Preston Hollow's motion to compel. There are no unresolved issues between Preston Hollow and FMS concerning the relief requested by this motion.

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

Respectfully submitted,

LAPIN & LEICHTLING, LLP
*Counsel for Respondent FMSbonds, Inc.*
255 Alhambra Circle
Suite 600
Coral Gables, Florida 33134
Telephone No.:          (305) 569-4100

By:    s/ Justin G. Prociv
JUSTIN G. PROCIV
Florida Bar No. 669393
JProciv@LL-lawfirm.com
eservice@LL-lawfirm.com